# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:20-cv-00314-MR

| | | |
|---|---|---|
| SHARON RENAE MASSENGILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| KILOLO KIJAKAZI,[1] Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Fees

Pursuant to the Equal Access to Justice Act [Doc. 16].

## I.    BACKGROUND

The Plaintiff initiated this action on November 5, 2020, seeking review

of the denial of her claim for benefits by the Commissioner under the Social

Security Act.   [Doc. 1].   The Plaintiff's Complaint was filed by George C.

Piemonte, an attorney who is licensed to practice in North Carolina and

admitted to practice before this Court.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021, and is therefore substituted in this action as the named defendant.  See Fed. R. Civ. P. 25(d).

The Commissioner filed an Answer to the Plaintiff's Complaint on March 16, 2021. [Doc. 8]. On June 16, 2021, the Plaintiff filed her motion for summary judgment. [Doc. 11]. On August 16, 2021, the Defendant filed a consent Motion for Reversal and Remand. [Doc. 13].

On August 27, 2021, the Court entered an Order granting the Defendant's consent Motion for Reversal and Remand, thereby remanding the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). [Doc. 14]. On November 22, 2021, the Plaintiff filed a Motion for Fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A). [Doc. 16]. Specifically, the Plaintiff seeks an award in the amount of $8,693.70, representing 39.9 hours of work performed by his attorneys George Piemonte and Michel Phillips[2] at the rate of $208.92 to $218.12 per hour. [See Doc. 17-2]. On November 26, 2021, the Commissioner filed a Memorandum opposing the Plaintiff's request for attorney's fees. [Doc. 19]. On December 9, 2021, the Plaintiff filed a Reply to the Commissioner's Memorandum in opposition. [Doc. 20].

Having been fully briefed, this matter is ripe for disposition.

---

[2] The Court notes that attorney Phillips appears on the Plaintiff's brief as the attorney "on the brief." [Doc. 12 at 24]. Counsel is reminded that, under the Local Rules, each attorney appearing of record in any matter, including "on brief," must file a notice of appearance. See LCvR 83.1(e).

## II.    DISCUSSION

Under the Equal Access to Justice Act ("EAJA"), the Court must award attorney's fees to a prevailing party in a civil action brought against the United States unless the Court finds that the Government's position was "substantially justified or that special circumstances" would make such an award unjust.  28 U.S.C. § 2412(d)(1)(A).  Because the Court remanded this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), the Plaintiff is properly considered a "prevailing party" in this action.  See Shalala v. Schaefer, 509 U.S. 292, 302 (1993).

While conceding that the Plaintiff is a prevailing party in this action and is therefore entitled to a fee award, the Commissioner argues that the number of hours claimed by the Plaintiff is excessive and includes tasks that are non-compensable.[3] [Doc. 19]. Accordingly, the Commissioner argues that the Plaintiff's requested fee award should be substantially reduced.  [Id.].

### A.    Hourly Rate

Regarding an attorney's hourly rate, the EAJA provides, in pertinent part, as follows:

> The amount of fees awarded . . . shall be based upon
> prevailing market rates for the kind and quality of the
> services furnished, except that . . . attorney fees shall

---

[3] The Commissioner does not object to the hourly rates sought by the Plaintiff's counsel. [Doc. 19 at 1-2 n.1].

not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).  The decision to grant an upward adjustment of this statutory cap is a matter within the Court's sound discretion.  Payne v. Sullivan, 977 F.2d 900, 903 (4th Cir.1992).

The Plaintiff requests an hourly rate of $208.92 to $212.12 for services performed by his attorneys from November 2020 through June 2021.  [Doc. 17-2 at 3].  The Plaintiff arrived at this rate by calculating the cost-of-living increase, as reflected by the Consumer Price Index ("CPI") for all urban consumers in the United States (hereinafter "CPI-Urban"), between March 1996, the EAJA's most recent reenactment, and the dates of the services performed in the Plaintiff's case—November 2020 through June 2021. [Docs. 17-2, 17-3].  The Plaintiff then applied that percentage increase to the statutorily set rate of $125.00 per hour.  [Id.].  The Commissioner does not challenge the Plaintiff's hourly rate computation.  [Doc. 19 at 1-2 n.1].

Therefore, the Court finds that the cost-of-living increase since the EAJA was last amended in 1996 warrants an adjustment of the statutory hourly rate and that the CPI-Urban is an appropriate measure by which to calculate that adjustment.  See Sullivan v. Sullivan, 958 F.2d 574, 576 (4th

4

Cir. 1992) (noting "that section 2412(d)(2)(A) requires the use of a broad cost-of-living index"); <u>Peek v. Astrue</u>, No. 1:09cv301, 2010 WL 5211499, at *2 (W.D.N.C. Dec. 15, 2010) (noting that the CPI-Urban is "[c]ustomarily" accepted as an appropriate measure to calculate an adjustment of the statutory rate).

Accordingly, the Court will apply the annual aggregated CPI-Urban for 2020 to calculate the cost-of-living adjustment. During the time the Plaintiff's attorneys worked on her case, the adjusted hourly rate for the Plaintiff's legal work fluctuated from $208.92 per hour in November 2020, to $212.65 per hour in March 2021, and then to $218.12 per hour in June 2021. [<u>See</u> Docs. 17-2, 17-3]. Accounting for this range, the Court will award the Plaintiff fees based on an average hourly rate of $208.92 per hour for work performed by counsel in November 2020, an average hourly rate of $212.65 per hour for work performed by counsel in March 2021, and an average hourly rate of $218.12 per hour for work performed by counsel in June 2021.

## B. Number of Hours Charged

Under the EAJA, an award of attorney's fees must be "'reasonable,'" both with respect to the hourly rate charged and the number of hours claimed. <u>See</u> <u>Hyatt v. Barnhart</u>, 315 F.3d 239, 248 (4th Cir. 2002) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). The fee applicant bears the burden of

demonstrating that the number of hours charged is reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The Court has discretion to determine what constitutes a reasonable fee award. May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991) (per curiam) (citation omitted).

The Plaintiff's attorneys claim a total of 39.9 hours of work on this case. [Doc. 16]. Attorney Phillips claims a total of 38.0 hours of work on the Plaintiff's case, all of which relates to preparing the summary judgment brief. [Doc. 17-2 at 1-2]. Attorney Piemonte claims 1.0 hours of work preparing the Complaint, 0.05 hours of work reviewing the Commissioner's Answer, and 0.85 hours revising the summary judgment brief, for a total of 1.9 hours of work on the Plaintiff's case. [Id.].

The Commissioner argues that the time spent preparing the summary judgment brief is excessive and includes time for the non-compensable task of preparing a medical index. [Doc. 19 at 3-7]. The Plaintiff, on the other hand, claims that counsel's hours are reasonable and compensable. [Doc. 20]. Specifically, the Plaintiff contends that the time Attorney Phillips claims for preparing the medical index is compensable because the medical index saved Attorney Phillips time in drafting the summary judgment brief. [Id. at 4-5]. Furthermore, the Plaintiff asserts that the hours her counsel claims for drafting the brief is reasonable considering the fact-intensive nature of the

6

Case 1:20-cv-00314-MR   Document 21   Filed 05/11/22   Page 6 of 14

issues involved in the case and the number of hours compensated in Social Security cases heard before other courts.  [Id. at 2-8].

Upon careful review of counsel's time sheets and affidavits, the Court finds that many of the hours claimed by the Plaintiff's attorneys in litigating this matter are unreasonable because they are duplicative, excessive, and inclusive of non-compensable tasks.  See Hensley, 461 U.S. at 433-34. Accordingly, the Court will reduce the Plaintiff's hours as explained below.

First, Attorney Piemonte claims a total of 0.85 hours spent reviewing Attorney Phillips' draft of the summary judgment memorandum.  [Doc. 17-2 at 1-2].  This time spent by Attorney Piemonte is in addition to the 4.5 hours Attorney Phillips already claims for, in part, editing and reviewing the brief. [Id.].  The Court finds the time Attorney Piemonte spent reviewing the work of his co-counsel both duplicative and excessive.  See Hensley, 461 U.S. at 434 (explaining that counsel should "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary"); Trim v. Astrue, No. 2:09cv30, 2012 WL 1340671, at *3 (W.D.N.C. Apr. 18, 2012) (deducting the time two attorneys spent reviewing summary judgment briefs drafted by another attorney).  Accordingly, the Court will deduct 0.85 hours from the time claimed by Attorney Piemonte.

Second, Attorney Phillips entries include the completion of non-compensable clerical tasks. Attorney Phillips does not delineate between the time spent on preparing the summary judgment memorandum and the time spent on completing the "medical index." [See Doc. 17-2 at 1-2]. In total, Attorney Phillips claims – in six separate billing entries – a total of 33.5 hours for time spent related to preparing the summary judgment memorandum and comingled with work on the "medical index." [Doc. 17-2 at 1-2; See also Doc. 12-1 (medical index)]. Generally, clerical tasks are not compensable. See Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989). "A prevailing party may recover fees only for work that is traditionally done by an attorney." Thayer v. Saul, No. 3:19-CV-00279-GCM, 2020 WL 4208061, at *2 (W.D.N.C. July 22, 2020) (citing Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988)).

The Plaintiff's medical index identifies and summarizes the medical records located in the administrative record but contains no "formal legal analysis." Id.; [See Doc. 12-1]. While the medical index may be a helpful tool for drafting the summary judgment brief, the fact that the medical index is useful for completing legal work does not make the creation of the medical index a compensable task. See Jenkins, 491 U.S. at 288 n.10 (noting that some tasks are clerical "regardless of who performs them" and the value of non-legal work does not increase "'just because a lawyer does it'" (citation

omitted)). Additionally, the medical index is duplicative of the court transcript index included with the administrative record. [Compare Doc. 12-1, with Doc. 9-1 at 2-5]. Further, the Plaintiff cites directly to the administrative record in his summary judgment brief—making the Plaintiff's medical index even more superfluous. [See, e.g., Doc. 12 at 4-6]. Therefore, the Court finds that the preparation of the medical index is a superfluous, "clerical task, which is not compensable." Thayer, 2020 WL 4208061, at *2. Accordingly, the Court reduces Attorney Phillips time by 6.0 hours.

Third, the time Attorney Phillips claims for preparing the summary judgment brief is excessive considering Attorney Phillips' experience and the nature of the task. In his Affidavit, Attorney Phillips acknowledges that he has over twenty years of legal experience and has focused his practice on Social Security cases. [See Doc. 17-5 at 1-2]. In fact, Attorney Phillips asserts that he has "served as a presenter on various aspects of Social Security disability practice, before [the] SSA and in the federal courts, in legal education seminars[.]" [See Id. at 3]. Despite his extensive experience, Attorney Phillips claims 38.0 hours of work preparing the summary judgment brief. [Doc. 17-2 at 1-2]. Even after the Court deducts the 6.0 hours of non-compensable hours Attorney Phillips comingles with time spent preparing

the summary judgment brief, Attorney Phillips would still be compensated for 32.0 hours of work on the summary judgment brief.

This 32.0-hour figure is higher than the Court expects from an attorney with Attorney Phillips' level of experience. See Gibby v. Astrue, No. 2:09cv29, 2012 WL 3155624, at *6 (W.D.N.C. Aug. 2, 2012) ("[A]n attorney experienced in this field should have been able to review the administrative record and produce a brief in a case such as this one within twenty-five hours." (citation omitted)). The 588-page administrative record in this case is not particularly lengthy. [See Doc. 6-2]; Gibson v. Colvin, No. 7:13–CV–62–BO, 2015 WL 728251, at *2 (E.D.N.C. Feb. 19, 2015) ("Given that the record in this case was over 1000 pages long, the number of hours spent is not excessive."). Further, it is not reasonable to spend a total of 32.0 hours drafting commonly raised arguments. [See Doc. 17-2]; Hensley, 461 U.S. at 430 n.3 (noting that a court should consider "the novelty and difficulty of the questions [presented]" in determining a fee award (citation omitted)).

For example, the Plaintiff's memorandum raises arguments based on Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), including the ALJ's failure to evaluate one of the Plaintiff's medically determinable impairments. [Doc. 12 at 8-23]. Arguments based on Mascio are common in this circuit. See Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 663 (4th Cir. 2017)

(noting that the unexplained ALJ conclusions addressed in <u>Mascio</u> are "all too common among administrative decisions challenged in this court"). Given Attorney Phillips' significant legal experience and focus on Social Security cases, a total of 32.0 hours spent on a memorandum relying significantly on arguments based on <u>Mascio</u> is excessive. Accordingly, the Court will further reduce Attorney Phillips' time by 2.0 hours—for a total of 30.0 hours for the summary judgment brief.

Therefore, the Court finds that Attorney Piemonte reasonably spent 1.05 hours on the Plaintiff's case and Attorney Phillips reasonably spent 30.0 hours on the Plaintiff's case for a total of 31.05 compensable hours. This figure is within the standard range of compensable hours for Social Security cases in this circuit. <u>See</u> <u>Johnson v. Saul</u>, No. 5:18-cv-00152-FDW, 2020 WL 6065308, at *2 (W.D.N.C. Oct. 14, 2020) (collecting cases).

## III.    CONCLUSION

After consideration of the deductions outlined above, the Court will award the Plaintiff $6,763.15 in attorney's fees. The Court reached this amount by multiplying the reasonable hours expended by the Plaintiff's counsel in November 2020 – 1.0 hours – by the reasonable average rate for those hours – $208.92 per hour; by multiplying the reasonable hours expended by Plaintiff's counsel in March 2021 for reviewing the Answer –

0.05 hours – by the reasonable average rate for those hours – $212.65 per hour; and by multiplying the reasonable hours expended by the Plaintiff's counsel in June 2021 – 30.0 hours – by the reasonable average rate for those hours – $218.12 per hour. The $6,763.15 award is sufficient to compensate the Plaintiff's attorneys for time reasonably spent on the Plaintiff's case without creating a "'windfall[]'" for the Plaintiff's counsel. Hyatt, 315 F.3d at 254 (citation omitted) (citing Hensley, 461 U.S. at 430 n.4).

The Plaintiff requests that the EAJA award be paid directly to the Plaintiff's counsel as the Plaintiff's assignee. [Doc. 16 at 1]. In support of this request, the Plaintiff has submitted a fee agreement executed by the Plaintiff, pursuant to which the Plaintiff has agreed to assign any EAJA award in favor of counsel. [Doc. 17-1 at 1]. The Commissioner should accept the Plaintiff's assignment of the awarded fees to the Plaintiff's counsel, and— upon receiving the assignment—the Commissioner shall pay the award of fees directly to the Plaintiff's counsel, provided that the Plaintiff does not owe any debts to the federal government, which are "subject to offset." Astrue v. Ratliff, 560 U.S. 586, 594 (2010).

## <u>ORDER</u>

**IT IS, THEREFORE, ORDERED** that:

(1)    The Plaintiff's Motion [Doc. 16] is hereby **GRANTED IN PART** to the extent that the Plaintiff is hereby awarded attorney's fees in the amount of Six Thousand Seven Hundred and Sixty-Three Dollars and Fifteen Cents ($6,763.15), which sum is in full satisfaction of all claims by the Plaintiff in this case pursuant to 28 U.S.C. § 2412(d);

(2)    Within thirty (30) days of the entry of this Order, or some other time as determined by the Court upon good cause shown, the Commissioner shall inform the Plaintiff's counsel whether the Plaintiff owes a debt to the Government by which this fee award may be offset.  And, before any funds are disbursed to the Plaintiff's counsel, the Plaintiff's counsel shall provide a valid fee assignment to the Commissioner;

(3)    In the event that past-due benefits are awarded on remand, the Plaintiff shall have sixty (60) days after being served with notice of the past-due benefits award to file for an award of fees pursuant to the Social Security Act, 42 U.S.C. § 406(b); and

(4)    No additional Petition pursuant to 28 U.S.C. § 2412(d) may be filed.

**IT IS SO ORDERED.**

Signed: May 11, 2022

Martin Reidinger
Chief United States District Judge